IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KAIZMEN JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No.  17-cv-01071-SLD |
| ) | |
| RODDRICK, et al. ) | Jury Trial Demand |
| ) | |
| Defendants. ) | |

### DEFENDANT SCOTT McCORMICK M.D.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT LAW (Dkt. 19)

NOW COMES the Defendant, SCOTT McCORMICK, M.D., by and through his attorneys, BOLLINGER CONNOLLY KRAUSE, LLC and for his Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Dkt. 19), states as follows:

### PARTIES

1. Kaizmen Jackson ID#K88195 is a inmate in the Department of Corrections and is currently housed at Pontiac Correctional Facility P.O. Box 99 Pontiac, Illinois 61764.

**ANSWER:  Upon information and belief, Defendant admits Plaintiff is an inmate in the custody of IDOC and is currently housed at Pontiac Correctional Center.**

2. The Defendant Roddrick is employed as a Correctional Officer at Pontiac Correctional Facility.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

3. The Defendant L.T. Ucey is employed as a L.T. Officer at Pontiac Correctional Facility.

1

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

  4. The Defendant Battle was employed as a L.T. Officer at Pontiac Correctional Facility.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

  5. The Defendant Brown is employed as a L.T. Officer at Pontiac Correctional Facility.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

  6. The Defendant Ellie is employed as a Psyche Doctor at Pontiac Correctional Facility.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

  7. The Defendant McCormick is employed as a Psyche Doctor at Pontiac Correctional Facility.

**ANSWER: Defendant McCormick admits he is a licensed medical doctor and was employed by Wexford Health Sources, Inc., and was assigned to work at Pontiac Correctional Center.**

8. The Defendant Reed was a psychologist employed at the Pontiac Correctional Facility.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

## LITIGATION HISTORY

Plaintiff Kaizmen Jackson has not brought any litigation state or federal dealing with the same issue in facts involved in this case.

Plaintiff has brought other lawsuits in federal court while incarcerated.

1. was settled Plaintiff's recollection of suit is very vague do to use of medication
2. I was dismissed for failure to state a claim also very vague
3. Jackson -vs- Davis et al case# 1:15-cv-01204-CSB still pending
4. Jackson -vs- Howe et al case # 1:16-cv-01013-JES still pending

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Plaintiff's statements under the Litigation History section in his Amended Complaint (Dkt. 19).**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff Kaizmen Jackson ID# K88155 exhausted all available remedies.

He was able to clarify situation before filing suit and the grievance process is now complete.

Plaintiff is aware that the Prison Litigation Reform Act bars any incarcerated person from brining suit concerning the conditions of his confinement unless and until he has exhausted available administrative remedies.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Plaintiff's statements under the Exhaustion of Administrative Remedies section in his Amended Complaint (Dkt. 19).

## STATEMENT OF CLAIM[1]

1. Correctional officer Roddrick is employed at Pontiac Correctional facility and being sued in his individual capacity. Plaintiff states the following; during the months of February and March c/o Roddrick solicited inmate Kaizmen Jackson K88195 to perform an assault against another inmate also housed at Pontiac whose last name is Kirsh but inmate Jackson knew this inmate by Outlaw.

**ANSWER:** As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.

2. C/O Roddrick knowingly and deliberately put both of these inmates at risk.

**ANSWER:** As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.

3. C/O Roddrick manipulated both of these inmate Jackson using the inmates mental medical condition and his lack of education, along with the fact of inmate Jackson's segregation status to perform such an act of assault which took place March 25th, 2015.

**ANSWER:** As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.

---

[1] For convenience of the Court and the parties, Defendant has separated Plaintiff's statements in his Statement of Claim Section (Dkt. 19, pp. 3-8) into separate numbered paragraphs.

4

4. Roddrick hired inmate Jackson to deliberately cause inmate Kirsh/Outlaw pain by giving him trays which placed Jackson and c/o Roddrick into a contract.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

5. C/O Roddrick told Jackson no trouble will come to him if he assaulted inmate Kirsh/Outlaw.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

6. Jackson did and was maced and sent to the north cell house without a shower to clean the mace from himself.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

7. C/O Roddrick committed an 8th Amendment Violation along with a State Constitute Violation (1970) Article I Section 12 (Right to Remedy and Justice) for Breach of Contract.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

8. Lieutenant Ucey is employed at Pontiac Correctional facility and being sued in his individual capacity Plaintiff states the following; March 25, 2015 while inmate Jack was housed at Pontiac Correctional facility held in cell #701.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

9. Upon being notified by c/o Roddrick that he (Jackson) will be having a cell change inmate Jackson spoke to Lieutenant Ucey over the gallery about his cell change and the conditions and agreement him and c/o Roddrick had made to L.T. Ucey then came to the 7 Gallery gate and spoke to Jackson stating "you gotta do what you gotta do."

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

10. Referring to assaulting inmate Krish/Outlaw after inmate Jackson made clear his agreement with c/o Roddrick and the fact he did not want to carry out the stipulated agreement.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

11. L.T. Ucey allowed inmate Jackson to be moved within the cell with inmate Kirsh/Outlaw and Jackson to assault him.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

12. L.T. Ucey also sprayed a canister of mace on inmate Jackson and Kirsh/Outlaw and did not allow inmate Jackson to clean himself of the chemical agents after being calmed down.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

13. L.T. Ucey's failure to act and administer inmate Jackson the right to clean the chemical agents from his body which left scars from skin irritation is an 8th amended Violation and other.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

14. Correctional Officer Battle is/was employed at Pontiac Correctional facility and being sued in his individual capacity. Plaintiff states the following: March 25, 2015 c/o Battle along with C/o Brown came to inmate Jackson's cell #701 to move him into a cell on 3Gallery with inmate Kirsh/Outlaw.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

15. Jackson told c/o Battle that he did not want to go in the cell with inmate Kirsh/Outlaw because he will have to assault him.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

16. Inmate Jackson told c/o Battle that he was paid by Officer Roddrick to assault Kirsh/Outlaw and what L.T. Ucey said.

7

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

17. C/O Battle stated, "well I guess you gotta do what you gotta do." And placed me in the cell with inmate Kirsh/Outlaw.  C/O Battle failure to act constitutes an 8th Amendment Violation.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

18. Correctional officer Brown is employed at Pontiac Correctional facility and being sued in her individual capacity.  Plaintiff states the following; March 25, 2015 c/o Brown along with previous said correctional officer appeared at my cell #701 to mace me to 3 Gallery to be placed in the cell with inmate Kirsh/Outlaw.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

19. Upon hearing why I could not and did not want to go in the cell she did not attempt to intervene or correct the situation she instead allowed me to go in the cell and assault inmate Kirsh/Outlaw after for knowledge of whats to take place if placed within the cell with inmate Kirsh/Outlaw.  Her failure to act constitutes an 8th Amendment Violation.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

8

20. Dr. Ellie is a Psychiatrist employed at Pontiac and is being sued in his individual capacity.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

21. Plaintiff states the following: On March 16, 2015 inmate Jackson ID#K88195 spoke to Dr. Ellie about his mental condition and other problems.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

22. Inmate Jackson told Dr. Ellie about his situation with C/O Roddrick and the possibility of him receiving a cellmate who he'd possibly have to cause harm.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

23. Jackson told Dr. Ellie that C/O Roddrick was trying to get him in the cell with inmate Kirsh/Outlaw because he wanted Jackson to assault him.

**ANSWER: As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

24. Dr. Ellie told inmate Jackson I had nothing to worry about because I was on single cell status.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

25. On March 25, 2015 I was deliberately placed in the cell with inmate Kirsh/Outlaw and taken off single cell status by Dr. Ellie and mental health staff and placed in the cell with the person I spoke to Dr. Ellie about hurting. This was a deliberate move and dune purposefully.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

26. Dr. Ellie's failure is not only an 8th Amendment Violation but it is also a denial of medical treatment because he's my doctor, so there is other consititutional violation like the Illinois State Constitution, Article I, Section 12.

**ANSWER:** **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

27. Dr. McCormick is a Psychiatrist employed at Pontiac Correctional facility and being sued in his individual capacity.

**ANSWER: Defendant McCormick admits he is a licensed medical doctor and was employed by Wexford Health Sources, Inc., and was assigned to work at Pontiac Correctional Center.**

28. Plaintiff states the following: On numerous occasions I've spoken to Dr. McCormick about my medical condition and about cellmates.

**ANSWER:** **Defendant McCormick admits that Plaintiff received certain mental health care as more fully described in his medical/mental health records. Except as expressly admitted herein, the remaining allegations are denied.**

29. My last conversation with Dr. McCormick I was blatant about having cellmates do to my mental flaws.

**ANSWER:** **Defendant McCormick admits that Plaintiff received certain mental health care as more fully described in his medical/mental health records. Except as expressly admitted herein, the remaining allegations are denied.**

30. I told Dr. McCormick about C/O Roddrick paying me to assault a different inmates with urine and feces when on the yard and how I was being paid with extra food trays.

**ANSWER:** **Defendant McCormick admits that Plaintiff received certain mental health care as more fully described in his medical/mental health records. Except as expressly admitted herein, the remaining allegations are denied.**

31. Dr. McCormick's knowingness of my mental condition and consent to allow my single cell status changed without first evaluating me to see if I still felt the same about hurting my cellmates is in total violation of my 8th Amendment because he knew of my mental illness and failed to act without proper evaluation first.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

32. His violation is also an Illinois Constitution Violation (1970), Article I, Section 12.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

33. Reed is/was a Psychologist employed at Pontiac Correctional facility sued in her individual capacity.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

34. Plaintiff states the following:  On March 18, 2015 Psychologist Reed came to my cell #701 and told me she had a conversation with Dr. Ellie about what we had discussed on March 16, 2015.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

35. I told her the story of my dealing with C/O Roddrick and about him trying to get me in the cell with Kirsh/Outlaw to assault him.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

36. She assured me I had nothing to worry about and that I'm on and will remain on 1 man cell status.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

37. A week later on March 25, 2015 I was placed in the cell with inmate Kirsh/Outlaw in which I assaulted him.

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

38.     Psychologist Reed was aware of my situation with inmate Kirsh/Outlaw and aware of my mental condition her failure to respond and act is also an 8th Amendment Violation and an Illinois Constitutional Violation, Article I, Section 12 (Right to Remedy and Justice).

**ANSWER:  As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

## PRAYER FOR RELIEF

**Defendant denies that Plaintiff is entitled to any of the relief that he seeks.**

## JURY DEMAND

**Defendant demands trial by jury.**

WHEREFORE, Defendant, SCOTT McCORMICK, M.D., respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Amended Complaint (Dkt. 19) with prejudice and with costs including attorney fees pursuant to 42 U.S.C. § 1988(b) and for such other relief as this Court deems appropriate and just.

**AFFIRMATIVE DEFENSES**

Without prejudice to the denials of the allegations contained in Plaintiff's Amended Complaint (Dkt. 19), Defendant, SCOTT McCORMICK, M.D.., without waiving the obligations of Plaintiff to prove every factual element of his claims, states as and for his Affirmative Defenses as follows:

1. **Qualified Immunity**

At all times relevant to Plaintiff's claims, the Defendant charged herein acted in the good faith performance of his official duties without violating Plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

2. **Official Capacity Claim Barred**

To the extent that Plaintiff's claims are against Defendant in his official capacity the claims are barred by the Eleventh Amendment.

3. **Injunctive Relief Barred**

To the extent Plaintiff is suing Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his requests for such relief are barred by the Eleventh Amendment and the Prison Litigation Reform Act. Further, the Defendant no longer has the authority to order the relief sought if ordered and Plaintiff is not subject to the conditions of which he complains.

4. **Failure to Exhaust Administrative Remedies**

Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action and as a result Plaintiff's claims are barred by the Prison Litigation Reform Act.

5. **Statute of Limitations**

To the extent that Plaintiff's claims are barred by the statute of limitations, they should be dismissed. Plaintiff's claims are not a continuous course of treatment and have accrued in excess of two years of Plaintiff filing his original pro se complaint.

### 6. *Heck v. Humphrey*

To the extent Plaintiff's allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 7. Mootness

To the extent that Plaintiff is suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his claim is moot.

### 8. Compensatory Damages Barred

To the extent that Plaintiff is suing the Defendant for compensatory damages for mental or emotional injury suffered without a prior showing of physical injury, his claim is barred by the Prison Litigation Reform Act.

### 9. Failure to State Claim with Specificity

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief may be granted.

### 10. Failure to Properly Name Defendants.

Defendants have not been properly named in the caption of Plaintiff's Amended Complaint.

### 11. Res Judicata

To extent Plaintiff has previously litigated the same issues in a prior action that are now involved in this lawsuit, Plaintiff's suit is barred by the doctrine of res judicata.

WHEREFORE, Defendant, SCOTT McCORMICK, M.D., respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Amended Complaint (Dkt. 19) with prejudice and with costs including attorney fees pursuant to 42 U.S.C. § 1988(b) and for such other relief as this Court deems appropriate and just.

        Respectfully Submitted,

        SCOTT McCORMICK, M.D.,

        By: /s/ Harrison A. Cohen
            *One of the Attorneys for Defendant*

Harrison A. Cohen #6317776
BOLLINGER CONNOLLY KRAUSE, LLC
500 West Madison Street – Suite 2430
Chicago, Illinois 60661
(312) 253-6200

  Harrison A. Cohen, being first duly sworn on oath, deposes and states that he is an attorney in the law firm appearing on behalf of Defendant therein, SCOTT McCORMICK, M.D., and that he is informed as to the facts set forth in the foregoing Answer of said Defendant to the Plaintiff's Amended Complaint (Dkt. 19). On the basis of said information he believes that the facts therein set forth are true and the allegations therein of want of knowledge to form a belief are true.

                By: /s/ Harrison A. Cohen
                  *One of the Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and mailed a copy of the document via U.S. Mail to below:

Kaizmen Jackson #K88195
Pontiac Correctional Center
Inmate Mail/Parcels
P.O. Box 99
Pontiac, IL   61764

Dated: May 10, 2017

By:   /s/ Harrison A. Cohen